Johnson, C. J. It will be conceded, as contended by the counsel for the petitioners, that if the county court of Union have exceeded their jurisdiction, that their acts are void, and that this court, through its general superintending control over the inferior courts of the State, would be authorized upon a proper case made, to have the proceedings removed by a writ of cer-tiorari, and to quash and set them aside. The petitioners have expressed apprehensions that they may be subjected to the payment of a tax for the purpose of erecting a court-house, and allege that the burthen is about to be thrown upon them without the authority of law. The 36th chap, of the Revised Code declares that “There shall be erected in each county, at the established seat of justice thereof, a good and sufficient courthouse and jail;” that “As spon as the court-house and jail shall be erected and the circumstances of the county will permit, there shall also be erected a fire proof building at some convenient place near the court house, in which shall be kept the offices of the recorder and of the clerks .of the several courts held in the countyand that “ whenever the county court of any county shall think it expedient to erect any of the buildings aforesaid (the building of which shall not be otherwise provided for) and there shall be sufficient funds in the county treasury which may be appropriated to the erection of county buildings, or which are not otherwise appropriated, or if the circumstances of the county will permit the county court to levy a tax for the erection of said buildings, such court may make an order for the building thereof, stating in such order the amount to be appropriated for that purpose.” The fourth section of the act also provides that, “ Whenever the county court shall deem it expedient to levy a tax for the erection of any public building or the repair of the same, it shall require a majority of the justices of the county therein commissioned to concur in making any such order to levy such tax for erecting public buildings.” Thus much of the statute is necessary to a correct understanding of the case now presented. The county court, under the third section of the act, have express authority to make an order for the building of a court-house whenever there shall be sufficient funds in the county treasury, which may be appropriated to the erection of county buildings, or which are not otherwise appropriated, or if the circumstances of the county will permit a tax to be levied for that purpose. True it is, that when it shall become necessary to levy a tax for the purpose of raising the funds, such levy cannot be made without an order to that effect, and that too with the concurrence of a majority of all the justices of the county, in case they shall attend after being notified in the manner prescribed by the statute. The obvious reason why a majority of the justices is required to concur in the order to levy the tax is, that the will of the people throughout the county may be expressed through the representatives of the several townships. But it is possible that the county should have an ample fund to erect a court-house, and at the same time not have one dollar in the treasury. It is often the case that donations are made consisting of town lots or other real estate for the avowed purpose of putting up the public buildings, and in such a case, if any individual, in whom the county court should see fit to confide, should agree to erect the buildings and to take such real estate, or the proceeds in case of their sale, we can perceive no good reason why they would not be fully authorized to enter into such an arrangement, and that, too, without the intervention or concurrence of a majority of the justices of the county. It is not pretended by the petitioners, nor does it appear from the transcript of the record of the county coprt, that any steps have been taken towards the collection of a tax with which to erect the court house, nor is it shown that a resort to taxation will ever be necessary to effect the object. From the showing in this case the inference is strong-that the county has some fund out of which to build the court house, without resorting to taxation, and that therefore the county court, as organized under the constitution, had the unquestionable right and power to order the house to be erected, and also to make the necessary appropriation for that purpose. Under this view of the case, there is no defect of jurisdiction, and consequently no good cause for a quashal of the proceedings. It is also insisted that, inasmuch as the original plan of the building was essentially changed, and as the commissioner did not again advertise for proposals, therefore the present contract with the undertaker is void: and for that cause the whole proceeding should be set aside. The answer to this question is, that whether the bond of the undertaker be binding or not in ■law cannot properly affect the question of jurisdiction. The statute in requiring the commissioner to take a bond from the undertaker, though it should be strictly obeyed, is merely directory, and the jurisdiction of the court over the subject-matter does not in the slightest degree depend upon the fact whether it is observed or not. It does not necessarily follow from the fact that the county court have made an order to erecta courthouse, that they will resort to taxation to carry that order into effect. We consider, therefore, that the application is premature, and that it would be time enough for all useful purposes to apply to have the order set aside after it has been made. The application is therefore refused.